### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENDA STONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  CIV-08-0879-F |
| | ) |
| INTEGRIS HEALTH, INC., | ) |
| | ) |
| Defendant. | ) |

## <u>ORDER</u>

Defendant Integris Health, Inc.'s motion for summary judgment, filed July 8, 2009, is before the court.  Doc. no. 25.

This action alleges discrimination in violation of the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k).  A claim under the PDA is analyzed in the same manner as other Title VII claims.  Atchley v. Nordam Group, Inc., 180 F.3d 1143, 1148 (10th Cir. 1999).   Here, there is no direct evidence of discrimination, and both parties' briefs apply the burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973) and Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-56 (1981).  If the plaintiff satisfies the *prima facie* requirements then the burden of production moves to the defendant; if the defendant articulates a legitimate, nondiscriminatory reason for its action then the burden moves back to the plaintiff to show pretext or that pregnancy was a determinative factor in the defendant's employment decision.   Atchley, 180 F.3d at 1148-49.  Plaintiff's failure to come forward with such evidence in the third stage entitles the defendant to judgment. *Id.* at 1149.

## Standard

Under Rule 56(c), Fed. R. Civ. P., summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  The moving party has the burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant.  United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996).  Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial.  Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

## Background Facts

Either because they are expressly admitted or because plaintiff has identified no evidence to dispute them, the court finds that the following background facts are undisputed.  Other undisputed facts are stated elsewhere in this order.

Plaintiff was hired by defendant and began work on January 21, 2008, as a clinical transplant assistant in the Nazih Zuhdi Transplant Institute.   Plaintiff was subject to a ninety-day introductory period.  Plaintiff spent the first three days of her employment in general training.  The first day that plaintiff worked in her department was January 24, 2008. Stacy Morgan was responsible for training plaintiff during the first few days of plaintiff's work in the department.  Ms. Morgan reported to the

interim supervisor, Diane Johnson, that the plaintiff did not want to file or put charts together, that she asked about taking naps, and that she had poor phone etiquette with patients.[1]  The interim supervisor to whom Ms. Morgan reported was Diane Johnson. Ms. Johnson had a conversation with plaintiff on January 29, 2008.   In that conversation Ms. Johnson questioned whether working full-time, going to school and being a full-time single mother was too much to take on and Ms. Johnson suggested that plaintiff might need to reassess her priorities.   Plaintiff took offense at these comments and contends that Ms. Johnson's reference to plaintiff as a full-time single mother was a reference to plaintiff's pregnancy.  Plaintiff was pregnant at the time and had no other children.

Defendant has a detailed attendance policy which provides that three occasions of unscheduled absence in a thirty-day period may result in immediate termination.[2]

---

[1]There is no dispute that these matters were stated to Ms. Johnson by Ms. Morgan although there is a dispute about the truth of these statements.  Plaintiff contends her work was satisfactory and that Ms. Morgan had a grudge against her, contentions which are taken as true for purposes of this motion.

[2]Def's fact no. 16, undisputed.  Paragraph 4.1 of the policy actually states that "three (3) occasions of absence in a thirty (30) day period may result in immediate termination."  Policy at doc. no. 25, ex. 10.  Thus, section 4.1 does not refer to three unscheduled absences; it simply refers to three absences, whereas defendant's fact no. 16 refers to three unscheduled absences.  As the phrasing of defendant's fact no. 16 favors plaintiff, the court presumes that three unscheduled absences were required. The policy provides that absences are unscheduled if they have not been approved 72 hours in advance.  The policy provides that unscheduled absences include coming to work more than thirty minutes late.  The policy provides that leaving work early without prior approval is defined as an unscheduled absence. The policy also provides that certain circumstances do not require advance notice, although  none of those circumstances are pertinent here.  For all of these provisions, see ¶ 3.0 of the policy. As used in this order, unscheduled absences are those which are unscheduled within the meaning of the policy.

On January 31, 2008, plaintiff called in and said she would not be reporting to work.  This was an unscheduled absence.

On February 4, 2008, Patricia Leonard became plaintiff's new supervisor.

Also on February 4, 2008, plaintiff left work approximately one hour early to be with her mother who was having surgery.  This was an unscheduled absence.

On February 5, 2008, plaintiff did not show up for work.  She testified in her deposition that she had the flu that day.  This was an unscheduled absence.

On February 7, 2008, plaintiff did not come to work until after 11:30 a.m.  This was an unscheduled absence.

On February 8, 2008, plaintiff was terminated.  At that time, plaintiff was advised that the decision to terminate her was based on her performance and attendance.

Plaintiff was replaced by an employee who became pregnant in June, 2008, took maternity leave, and has now returned to work in her former position.

## Discussion

Defendant opts not to argue about whether plaintiff is able to state a *prima facie* case and goes directly to the second step of the analysis.  It is undisputed that plaintiff had multiple unscheduled absences during the short time during which she was employed, and that Ms. Morgan, the person training plaintiff, reported to plaintiff's then-supervisor, Ms. Johnson, that plaintiff: (i) did not want to file or put charts together, (ii) asked about taking naps, and (iii) had poor phone etiquette with patients.  Defendant has presented evidence to show that plaintiff was terminated based on her performance and attendance.  *See*, *e.g.*, def's fact no. 17.  Defendant has articulated a legitimate, non-discriminatory reason for its termination of plaintiff's employment.

This showing shifts the burden to plaintiff to show that defendant's stated reason for the termination is merely a pretext.  When there is no direct evidence of

pregnancy discrimination, circumstantial evidence suffices to show pretext.  *See*, O'Hara v. St. Francis Hosp., Inc.,  917 F.Supp. 1523, 1530-1531 (N.D.Okla. 1995) (discussing types of circumstantial evidence to show pretext including such things as "bits and pieces" from which an inference of discriminatory intent might be drawn). As evidence of pretext in this case, plaintiff focuses primarily on four things:  1) the timing of her termination; 2) comments allegedly made by plaintiff's former supervisor, Ms. Johnson; 3) plaintiff's contention that Ms. Morgan had a personal grudge against plaintiff; and 4) plaintiff's argument that defendant is attempting to paint plaintiff as a "lazy rogue" employee in an effort to cover-up defendant's true motive for terminating plaintiff.

Timing.

Plaintiff contends that she advised Ms. Johnson on January 24, 2008 that she was pregnant.  This contention is taken as true for purposes of this motion.  It is undisputed that plaintiff was terminated fifteen days later on February 8, 2008. Plaintiff contends that the short interval between these two events is evidence of pretext and that this is especially true when the timing evidence is combined with statements by Ms. Johnson which plaintiff argues were derogatory.  Plaintiff argues that her purported poor performance and absences occurred within a matter of days after defendant became aware of her pregnancy.

Plaintiff was a new employee whose entire term of employment was very short. All of the unscheduled absences obviously occurred within this same time frame.  In these circumstances, where all of the material events occurred within the same short time frame and where there is undisputed evidence of four unscheduled absences, the timing of the termination does not suggest pretext or pregnancy discrimination.  *See*, O'Hara, 917 F. Supp. at 1531 (timing alone was not enough to implicate discriminatory intent, especially because the circumstances of the patient care

episodes leading to the write-ups in that case were well-documented by many witnesses), citing Troupe v. May Dep't Stores Co., 20 F.3d 734, 737-80 (7th Cir.1994) as a case in which discharge one day prior to maternity leave did not preclude summary judgment for the defendant.

Comments by Ms. Johnson.

The only comments plaintiff identified at her deposition as indicating pregnancy discrimination were comments by Ms. Johnson on January 29, 2008.  As previously described, in that conversation Ms. Johnson stated that plaintiff needed to get her priorities straight.  Ms. Johnson questioned whether working full-time, going to school and being a full time single mother was too much for plaintiff to take on.  Ms. Johnson also commented on what she perceived to be plaintiff's lack of initiative.  Pl. depo. at 42-43.  None of these comments suggest pregnancy discrimination. *See*, *e.g.*, Gover v. Speedway Super America, LLC, 284 F. Supp. 2d 858, 864 (S.D. Ohio 2003) (comment that pregnant employee had been passed over for three jobs because of "all [she] had going on in [her] life" did not support an inference that termination was motivated, even in part, by discriminatory animus).

Plaintiff testified twice at her deposition that, essentially, other than the comments on January 29, Ms. Johnson did not make any additional comments that led plaintiff to believe she was terminated because of her pregnancy.  Pl depo. at pp. 46, 53.  Nevertheless, plaintiff's affidavit states as follows.

> On January 24, 2008 during a private conversation with Ms. Johnson I mentioned to her that I was pregnant.  In response, Ms. Johnson stated that my failure to mention the pregnancy prior to that day (1+24+08) must have been "just an omission" on my part.

Pl aff. at doc. no. 28, ex. 1, ¶ 3.  Thus, plaintiff now argues that there were two sets of comments by Ms. Johnson that showed or suggested pregnancy discrimination.

Defendant argues that plaintiff's affidavit is a sham and should not be considered. As stated in <u>Franks v. Nimmo</u>, 796 F.2d 1230 (10th Cir. 1986), factors relevant to the existence of a sham fact include whether the affiant was cross-examined during the earlier testimony, whether the affiant had access to the pertinent evidence at the time of the earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflected confusion which the affidavit attempts to explain. *Id.* at 1237.

Plaintiff was asked at her deposition, more than once, about any statements by Ms. Johnson suggestive of pregnancy discrimination other than the statement by Ms. Johnson on January 29, 2008. Both times plaintiff denied any other statements were in issue. Plaintiff had access to the evidence included belatedly in her affidavit because the affidavit purports to be based on her personal experience. No newly discovered evidence is involved. Plaintiff's deposition testimony was not ambiguous or confusing, and there was no need to clarify her deposition testimony. Plaintiff has not mentioned any corrections or errata regarding her deposition testimony, and no corroborating evidence regarding the additional statement by Ms. Johnson has been identified. Finally, the affidavit is signed but not sworn to, and it does not state that it is true and correct and made under penalty of perjury. *Cf.*, 28 U.S.C. § 1746 (unsworn declarations under penalty of perjury). In these circumstances (and even if the affidavit were sworn to), the court finds that it is appropriate to disregard the third paragraph of plaintiff's affidavit and it does so.[3]

---

[3]Alternatively, the court finds that if it were to consider the third paragraph of the affidavit, the statement attributed to Ms. Johnson in that paragraph is insufficient, considering all of the circumstances, to suggest pretext or to otherwise show pregnancy discrimination.

Defendant also argues that Ms. Johnson was not the decision-maker with respect to plaintiff's termination and that statements by non-decision-makers are insufficient evidence of pretext or of discrimination.  Plaintiff has not responded to this argument.  Comments by individuals not connected with the decision to terminate a plaintiff do not raise a genuine issue regarding pretext.  Bush v. Dictaphone Corp., 161 F.3d 363, 369 (6th Cir. 1998), going on to quote Justice O'Connor's concurring opinion in Price Waterhouse v. Hopkins, 490 U.S. 228, 277 (1989).  Here, Ms. Johnson's affidavit states that she spoke with Ms. Leonard regarding the concerns that had been voiced about plaintiff's work performance but that Ms. Johnson did not make the decision to terminate plaintiff.  Doc. no. 25, ex. 6, ¶ 5.  In turn, Ms. Leonard's affidavit states that she felt the absences were excessive for someone who had just begun employment; that she made the decision to terminate plaintiff; and that she did so based on plaintiff's absences and performance during plaintiff's very short tenure.  Doc. no. 25, ex. 7, ¶ 5.  These facts, however, are not the subject of any of defendant's proposed undisputed facts.  Accordingly, plaintiff has not been required to dispute these particular facts.  In these circumstances, the court merely notes, but does not rely on, these portions of Ms. Johnson's and Ms. Leonard's affidavits.  In any event, whether or not she was the decision-maker, Ms. Johnson's comments do not show or suggest pretext or pregnancy discrimination.

Plaintiff's Contention that Ms. Morgan had a Grudge Against Her.

Plaintiff contends that Ms. Morgan was standoffish, was not receptive to questions, that she failed to communicate clearly, and that she did not seem to take the responsibility of training plaintiff very seriously.  Presuming these contentions are true and that Ms. Morgan had a grudge against plaintiff, there is no evidence that the source of the grudge had anything to do with plaintiff's pregnancy.  Plaintiff's contentions recognize as much.  For example,  plaintiff's fact no. 4 contends that Ms.

Morgan had a grudge "for whatever reason."  Nothing about Ms. Morgan's presumed grudge shows or suggests pretext or pregnancy discrimination.

Plaintiff's Contention that Defendant is Painting Plaintiff as a "Lazy Rogue" in an Attempt to Cover Pregnancy Discrimination.

Plaintiff argues that defendant attempts to paint plaintiff as a "lazy rogue" employee in an effort to cover defendant's true reason for terminating plaintiff.  Doc. no. 28 at 11.    Defendant, however, has never relied only upon plaintiff's work performance as grounds for her termination.  Defendant has always cited plaintiff's absences as one of the two reasons for plaintiff's termination.  Here, there were four unscheduled absences within a short period of time.  This record of absenteeism was sufficient grounds for termination under the policy and defendant had no need to manufacture or enlarge evidence of poor performance.  Morever, some of the evidence which plaintiff presents tends to corroborate defendant's position that there were concerns about plaintiff's work performance early on.  For example, the January 29, 2008 memorandum by Ms. Johnson which plaintiff quotes in her own statement of facts states that "[Ms. Johnson] had had 3 different employees come to [her] voicing their concerns [about plaintiff]. . . ."  Regardless of whether there was reason for the conversation, it is undisputed that plaintiff was talked to early on about her initiative. The court makes no findings about plaintiff's work performance and it presumes, in fact, that plaintiff was a satisfactory employee in all respects other than her absenteeism. It mentions these matters only as further support for the conclusion that there is nothing in this record to show or suggest that defendant has attempted to paint plaintiff as a "lazy rogue" in order to cover-up pregnancy discrimination.

Other Evidence, and All Evidence Considered Collectively.

It is undisputed that plaintiff's replacement became pregnant, took maternity leave, and has now returned to work.  *See*, O'Hara, 917 F. Supp. 1523 at 1531, n.8

(noting that where other pregnant nurses in plaintiff's training class took maternity leave and returned to work without incident, the only "similarly situated" evidence there was weighed heavily in favor of the hospital). Whether or not specifically discussed in this order, the court has considered all of the evidence, including the various emails attached to plaintiff's response brief. Taken as a whole, there is nothing in this record which shows or suggests pretext or that plaintiff was otherwise discriminated against because of her pregnancy.

Plaintiff has not carried her burden to identify evidence of pretext and has not identified evidence of pregnancy discrimination. Accordingly, defendant is entitled to summary judgment.

Conclusion

After careful consideration, Integris Health, Inc.'s motion for summary judgment is **GRANTED**.

Dated this 8th day of September, 2009.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-0879p007  (rev)  (pub).wpd